

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2002

# Wilson v. PA St Pol

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1531

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Wilson v. PA St Pol" (2002). *2002 Decisions.* Paper 716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1531
_____

MICHAEL ANTHONY WILSON,
Appellant

v.

PENNSYLVANIA STATE POLICE DEPARTMENT; PAUL J. EVANKO, In his official
capacity as Commissioner of the Pennsylvania State Police; LINDA M. BONNEY, In her
official capacity as Director of Bureau of Personnel,
Pennsylvania State Police Department

UNITED STATES OF AMERICA, Intervenor

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 94-cv-06547)
District Judge: The Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
October 29, 2002

_____

Before: NYGAARD, GARTH, and MICHEL,[*] Circuit Judges

(Opinion Filed: November 7, 2002)

_____

[*]The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting
by designation.

OPINION
_____

Michel, <u>Circuit</u> <u>Judge</u>:

Plaintiffs-appellants Michael Anthony Wilson, et al. appeal from the District Court for the Eastern District of Pennsylvania's January 3, 2001 order partially granting defendants' motion to dismiss plaintiffs' class action. *Wilson et al. v. Pa. Police Dep't et al.*, No. 94-CV-6547, slip op. (E.D. Pa. Jan. 3, 2001) (order partially granting motion to dismiss). The class action was filed on behalf of state police officer candidates denied employment on the basis of visual impairment. The trial court granted the motion with respect to the plaintiffs' substantive due process claim, Americans with Disabilities Act claim, and Rehabilitation Act claim. <u>Id.</u> The motion was denied with respect to the plaintiffs' equal protection. <u>Id.</u> As to the equal protection claim, the District Court later granted summary judgment to all defendants, the Pennsylvania State Police ("PSP"), Commissioner Paul J. Evanko, in his official capacity as Commissioner of the PSP, and Linda M. Bonney, in her official capacity as Director of Bureau of Personnel, PSP (collectively, "defendants"). *Wilson et al. v. Pa. Police Dep't, Evanko, and Bonney*, No. 94-CV-6547, slip op. (E.D. Pa. Jan. 18, 2002)(order granting summary judgment). The plaintiffs timely appeal the January 3, 2001 ruling, although only as to their Rehabilitation Act claim, and the January 18, 2002 grant of summary judgment on the equal protection claim. We will affirm-in-part and reverse-in-part the judgment of the District Court and remand the case to that court.

2

## I.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. The plaintiffs consist of "all persons who have been or will be denied employment as state police officers since June 14, 1992, because of visual impairment and who are able to achieve, through corrective lenses, surgery, or otherwise, either 20/20 binocular vision or 20/20 vision in one eye."

### A.

The Rehabilitation Act claim was dismissed on the grounds that Congress had not abrogated the states' immunity from suits under the Rehabilitation Act, and therefore the Eleventh Amendment barred the plaintiffs' claim. Under this court's recent decision in *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002), the dismissal of the Rehabilitation claim by the trial court in this case was an error. This court has not yet addressed whether Congress abrogated the states' immunity from suits under the Rehabilitation Act but *Koslow* held that "if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency -- but only against that department or agency." *Id.* at 171. The court did not reach the abrogation issue because it held waiver was clearly intended by Congress in Section 2000d-7 of the Rehabilitation Act, as amended, as a precondition to the acceptance of federal funds and states were, therefore, on notice that by accepting federal funds they would waive Eleventh Amendment immunity to Rehabilitation Act claims. *Id.* at 169-70. *Koslow* also specifically clarified that a state can avoid liability

3

for § 504 claims by declining federal funds to the relevant department or agency and, therefore, the acceptance of funds is a "free and deliberate choice by [a state] that does not rise to the level of an 'unconstitutional condition.'" *Id.* at 174. Defendants' arguments to the contrary are thus disposed of. It is also implicit in all of the defendants' arguments that the PSP receives federal funds. Therefore, in light of the holding in *Koslow*, the trial court's dismissal of the plaintiffs' Rehabilitation Act claims in this case is clearly incorrect.[1] The trial court must reach the merits of the Rehabilitation Act claim.

## B.

The second claim was decided on summary judgment on the grounds that: (1) the relevant group of similarly-situated persons for purposes of the equal protection analysis were state trooper cadet applicants, and since plaintiffs made no argument that all state trooper cadet applicants were not treated alike, their attempt to show irrationality in the application of the standards fails; (2) the rational relationship test does not require that the PSP's standards be the best possible to accomplish their purpose, plaintiffs' arguments that those with better eyesight than the cut-off used by the PSP are equally unqualified, is irrelevant to a rationality analysis; and (3) the rational relationship test does not require

---

[1] Defendants assert that *Barnes v. Gorman*, 122 S. Ct. 2097 (2002), should somehow affect this court's understanding of *Koslow* and that the issues require further briefing. This contention is unpersuasive since *Barnes* was decided before *Koslow* and focused on liability for punitive damages. Not only are punitive damages not involved in this case, but also the *Koslow* opinion specifically referred to *Barnes* as maintaining a consistent interpretation of § 504 of the Rehabilitation Act. *Koslow*, 302 F.3d at 176 n.18. Consequently, *Barnes* does not have any significance for this case.

specific proof to support a standard setting, plaintiffs' arguments that the customary definitions of visual impairment and legal blindness were the only basis for the established standards does not matter either. *Wilson et al. v. Pa. Police Dep't, Evanko, and Bonney*, No. 94-CV-6547, slip op. at 5-6 (E.D. Pa. Jan. 18, 2002)(order granting summary judgment). We see no error in the trial court's analysis. Rational basis scrutiny requires us to be very deferential to the PSP's determination of the need for a standard for uncorrected vision. Plaintiffs have not presented any evidence to suggest that the PSP's standard was not rationally related to its legitimate interest in public and officer safety, only evidence suggesting that other standards might have been satisfactory or even better. That evidence alone cannot at law support an equal protection claim. Therefore, we must affirm the trial court's judgment with respect to the equal protection claim.

## II.

For the foregoing reasons, we will affirm-in-part and reverse-in-part the judgment of the district court and remand the case for further proceedings as necessary.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Paul R. Michel
Circuit Judge